(Court of Appeal, Parish of Orleans.)

## AMBROSE W. KRAMER vs. DIXIE LAUNDRY CO.

1. Where the general manager of a corporation has power to employ and discharge, and no limitation has been placed on his authority, he may make any contract of employment, the terms of which are reasonable in the light of the circumstances under which it is made.

2. Where the evidence showed that it would be mutually advantageous to both employer and employee, that the employment should have some stability and permanence about it,

*Held;* That a contract for a year was reasonable and came within the scope of the authority of a general manager with power to employ and discharge.

Appeal from the Civil District Court, Division "E.."

W. H. Byrnes, Jr., for plaintiff and appellee.

Sullivan and Landry, for defendant and appellant.

ST. PAUL, J.—Plaintiff alleges a contract of employment with defendant for a term of one year, and avers that before the end of the term he was discharged without cause; wherefore, he sues to recover his salary for the balance of the term.

The defense is set up that there was no employment by the year, but that the employment was by the week, and defendant was at liberty to discharge plaintiff when it saw fit.

The contract, whatever its terms, was made by plaintiff in person with the president of the defendant corporation. There was no witnesses to the contract, and the evidence of the principals is flatly contradictory.

It is shown, however, that plaintiff was solicited by telegram, letter and personal interview, at his home in

Alexandria, La., to leave his said home and the work, in which he was then engaged, and come to the City of New Orleans to take up the employment. It is further shown that the defendant's president, just after the employment, stated to certain public officials that said employment was for a year; and the effort which he makes to explain this statement is not satisfactory.

The district judge, who heard and saw the witnesses, accepted plaintiff's version of the contract, and his finding was full in accordance with the preponderance of evidence and corroborating circumstances.

On the trial it was further urged that defendant's president was without authority to make such a contract for defendant. But no such defense was set up in the answer, and the evidence shows that defendant's president was also its general manager with authority to employ and discharge.

It is nowhere shown, however, that any limitation was ever placed upon this authority, or the terms under which it should be exercised; and it would therefore seem to come within the scope of his authority to make any contract of employment the terms of which would be reasonable in the circumstances under which it is made.

And we see nothing unreasonable in the terms of the present contract. Plaintiff, a skilled workman, was brought from his home and taken from the work in which he was then engaged, and should have been given some assurance that his employment would be of a character sufficiently stable to justify his removal to the City.

In the same way, defendant had immediate need of a reliable and competent employee and had spent time and money to secure the services of plaintiff. It was, therefore, reasonable that defendant should also be assured that there would be some permanency about the employment.

Under the circumstances, a contract for a year would seem mutually advantageous to both parties, and was within the scope of authority confided by defendant to its general manager.

The judgment appealed from appears to us correct, and it is therefore affirmed.

April 3, 1911.

Rehearing refused, May 1, 1911.

Writ denied by Supreme Court, June 20, 1911.